IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

DELORES FORD,

    Appellant,

vs.                                    CASE NO. CV-00-J-1143-NE

HOUSING AUTHORITY OF THE
CITY OF HUNTSVILLE, ALABAMA,
et al.,



    Appellees.

## MEMORANDUM OPINION

This matter is before the court as an appeal from the Bankruptcy Court, pursuant to 28 U.S.C. § 158(a). The parties have filed appellate briefs, which the court has reviewed. This court specifically finds that the issues presented in this case are extremely simple and that oral argument would only delay entry of a ruling on appeal. This court finds, in accordance in Fed.R.Bankr.P. 8012, that the facts and legal arguments are adequately presented in the briefs and record and the decisional process will not be significantly aided by oral argument.

### Procedural History

The appellee filed a Chapter 7 bankruptcy petition on August 19, 1999. On September 16, 1999, the appellee Housing Authority of the City of Huntsville ("Housing Authority") filed a motion for relief from the automatic stay so that it could terminate the plaintiff's Section 8 housing assistance. The matter was originally set for hearing on October

7

12, 1999, before the Honorable Jack Caddell, at which time the debtor and her attorney, Stephen M. Wilson, as well as counsel for the Housing Authority, were present. Transcript of 10/12/99 hearing at 1. The hearing was then reset for October 18, 1999 to allow the parties time to negotiate a settlement. Transcript of 10/18/99 hearing at 2. The matter was not settled however. The debtor and her attorney failed to appear at the October 18, 1999 hearing, although the Housing Authority's attorney and witnesses were present and the court heard testimony and entered an order lifting the automatic stay. *Id.* at 2-3. The debtor did not appeal this order. The plaintiff then filed an adversary proceeding in her bankruptcy case on January 5, 2000 under 11 U.S.C. § 525(a), alleging that the termination of debtor's Section 8 voucher by the Housing Authority was void and requesting the court to order the Housing Authority to continue to provide such assistance. On motion for summary judgment, Judge Caddell ordered judgment to be entered in favor of the Housing Authority and against the debtor. Judgment dated 2/29/00. The debtor appeals to this court from this Order.

## Factual Background

The debtor, Delores Ford, was notified by the Housing Authority in the Spring of 1999 that due to her failure to report income as required by HUD regulations, she had received overpayments in the form of Section 8 vouchers in the amount of $5,500.00. Affidavit of Pitts at ¶ 4. An informal hearing was held in June, 1999, after which the debtor was informed that she could continue in the Section 8 program if she signed a repayment

agreement ("the agreement"). *Id.* The agreement was signed by the debtor on July 2, 1999. Id at ¶ 5 and exhibit B thereto. Pursuant to this agreement, the debtor was to make monthly payments to the Housing Authority, beginning August 15, 1999. Affidavit of Pitts at ¶ 4. The agreement clearly states that the failure to abide by its terms would result in the termination of the debtor's benefits under the Section 8 program. Exhibit B to Pitts' affidavit.

The debtor failed to make the first payment. Affidavit of Pitts at ¶ 6. On August 17, 1999, the Housing Authority sent a notice that the payment was past due to the debtor, which also extended her time to make the first payment to August 24, 1999. Exhibit C to Pitts affidavit. On August 19, 1999, the debtor filed bankruptcy. The Housing Authority sent a second notice to the debtor, stating if payment was not received by September 1, 1999, her rental assistance would be terminated. Exhibit C to Pitts' affidavit. On September 16, 1999, the Housing Authority filed its motion for relief from automatic stay, and the events recited above followed. The Bankruptcy Court granted the requested relief on October 18, 1999 and the Housing Authority sent a notice to the debtor on that same date stating that her rental assistance would terminate as of November 17, 1999. Housing Authority's brief at 5. The debtor was afforded the opportunity to have a second informal hearing concerning the termination of her benefits and the same was held on November 9, 1999. Exhibit E to Pitts' affidavit. The Hearing Officer found that the debtor failed to comply with the agreement and

3

therefore the termination of her rental assistance as of November 17, 1999 was proper, citing 24 C.F.R. § 982.552(b)(8) and the agreement.[1]  Exhibit E to Pitts' affidavit.

The debtor argues that the February 29, 2000 decision of the Bankruptcy Court was incorrect.

### Standard of Review

The District Court sits as an appellate court in an appeal of a bankruptcy court decision. *In re Williamson*, 15 F.3d 1037, 1038 (11th Cir.1994). Sitting in its appellate capacity, the Court makes no independent factual findings. *Id.*  In accordance with Federal Rule of Bankruptcy Procedure 8013, the Bankruptcy Court's findings of fact will not be set aside unless clearly erroneous. *In re Chase & Sanborn Corp.*, 904 F.2d 588 (11th Cir.1990).  A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).  With respect to the bankruptcy court's conclusions of law, however, the Court applies a de novo standard of review. *In re Williamson*, 15 F.3d at 1038; *In re Chase & Sanborn Corp.*, 904 F.2d at 593.  De novo review required the court to make a judgment "independent of the bankruptcy court's, without deference to that court's analysis and conclusions." *In re Sternberg*, 229 B.R. 238, 244 (S.D.Fla.1998); citing *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1210 (7th Cir.1984).

---

[1] 24 C.F.R. § 982.552(b)(8) is now incorporated in 24 C.F.R. § 982.552(c)(1)(vii).

The proper construction of the Bankruptcy Code by the bankruptcy court or by the district court is a matter of law; accordingly, such interpretations are subject to de novo review. *In re Colortex Industries, Inc.*, 19 F.3d 1371, 1374 (11th Cir.1994); *In re Taylor*, 3 F.3d 1512, 1514 (11th Cir.1993).

**Legal Analysis**

The parties before this court agree that the facts are not in dispute, rather the sole issue before this court is whether the termination of the debtor's Section 8 assistance was in violation of 11 U.S.C. § 525(a). That code section states, in relevant part, that

> [A] governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to ... a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act ... solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act ... or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

The parties dispute whether receipt of a Section 8 voucher is an "other similar grant" as that term is used in the foregoing statute. This court finds it does not need to reach the merits of the parties respective arguments for the reasons set forth below.

In the facts before this court, no one disputes that the Housing Authority filed its motion to lift the automatic stay solely for the purpose of terminating the debtor's Section 8 assistance. If the debtor believed, as she apparently does now, that such action was in violation of rights she had under the United States Code, the time to raise these contentions was within her ten (10) day appeal time under Bankruptcy Rule 8002. Although the debtor

argues that she did not have to respond to the motion for relief from the automatic stay under Bankruptcy Rule 9014, the court finds this is not the same as failing to appeal from a final order. The court finds precedent for the proposition that an order lifting an automatic stay constitutes a final appealable order. *In re Stacy*, 167 B.R. 243, 246 (N.D.Ala. 1994); Fed.R. Bankr.P. 8002.

Under 28 U.S.C. § 158 (a), an order lifting the automatic stay is an appealable final order. *See, e.g. In re Comer*, 716 F.2d 168 (3d Cir.1983); *U.S. v. Nicolet, Inc.*, 857 F.2d 202, 203 (3rd Cir. 1988); citing 28 U.S.C. § 158(d). *See also U.S. v. Pelullo*, 178 F.3d 196, 200 (3rd Cir. 1999). Orders granting or denying relief from the automatic stay are deemed to be final orders. *In re National Environmental Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997); citing *Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.)*, 96 F.3d 346, 351 (9th Cir.1996).

In its Order, the Bankruptcy Court ruled:

> The evidence is uncontroverted that she's in default on this rental assistance agreement. There appears to be no equity or anything here that the bankruptcy estate could realize. Also the discharge is going to be due in a little over a month anyway, which would lift the stay. So the court sees no cause why the stay should not be lifted immediately. So this motion to lift stay will be stamped granted.

Transcript of hearing, 10/18/99. Given that the October 18, 1999 Order of the Bankruptcy Court was a final order, the debtor's appeal now, alleging that the Housing Authority was in error to terminate her Section 8 assistance, is not timely. This court therefore lacks

6

jurisdiction to address plaintiff's argument that the Housing Authority should not have terminated her rental assistance on November 17, 1999, under 11 U.S.C. § 525 (a). *See In re Stacy*, 167 B.R. at 246.

## CONCLUSION

Because this court finds that the October 18, 1999 Order was a final order as that term is used in 28 U.S.C. § 158(a), the debtor was required to appeal that decision within ten (10) days under Rule 8002, F.R.Bankr.P. Therefore, the sole substantive issues raised by the debtor in its appeal, whether the Housing Authority could terminate her benefits, is not timely, and this court is without jurisdiction to review it. In consideration of the foregoing, the court **ORDERS** that this appeal be and hereby is **DISMISSED.**

**DONE** and **ORDERED** this the ___31___ day of July, 2000.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE